UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                          :
                                          :
NATIONAL POOL CONSTRUCTION,               :
INC. LIQUIDATING TRUST,                   :
                                          :
              Appellant ,                 :
                                          :        Civil Action No. 12-4641
v.                                        :
                                          :        **OPINION**
THE PROVIDENT BANK,                       :
                                          :
              Appellee.                   :
_____:

PISANO, District Judge.

      This is an appeal from the decision of the United States Bankruptcy Court granting a motion by The Provident Bank ("Provident") to dismiss the complaint in an adversary proceeding brought by appellant National Pool Construction Inc. Liquidating Trust ("Liquidating Trust" or the "Trust").  The Bankruptcy Court granted the motion by way of an oral decision from the bench on May 29, 2012, which was followed by a final order entered June 8, 2012 dismissing the adversary complaint against Providence.  For the reasons below, the Bankruptcy Court's Order is affirmed.

I.   BACKGROUND

      As stated in the adversary complaint, on or about October 30, 2007, Provident issued a loan in the amount of one million two hundred thousand dollars ($1,200,000) to debtor National Pool Construction, Inc. d/b/a National Pools & Spas and National Award Winning Pools & Spas ("Debtor").  The loan was a revolving line of credit (the "Credit Line") with a stated purpose of repaying existing indebtedness and for working capital.  As collateral, under a Loan and Security Agreement dated October 30, 2007, the Debtor granted to Provident a security interest "in

various assets of the Debtor" as described in filed UCC-1 financing statements.  R.3 at ¶ 25.[1]

The loan was also guaranteed by the shareholders of the Debtor (the "Shareholders") and their

spouses, as well as by ABK Realty LLC.

On that same date, October 30, 2007, Provident issued a second loan (the "Term Loan")

to the Shareholders and their spouses (the "Individual Borrowers") in the amount of $300,000.

The Individual Borrowers executed a Mortgage Promissory Note pursuant to which they were

required to make monthly principal and interest payments in the amount of $13,376.12 from

December 2007 through November 2009.  It appears, however, that this loan was paid in full

prior to September 2009.

This Term Loan was guaranteed by the Debtor, who executed a Term Loan Guarantee

Agreement dated October 30, 2007.  Under this agreement, the Debtor would be required to pay

the obligations of the Individual Borrowers in the event of a default and subsequent demand by

Provident.  The proceeds of the Term Loan as well as the Credit Line were used to satisfy

existing obligations owed to another lender, Bank of America.

On September 16, 2009, the Debtor filed a voluntary petition for relief under Chapter 11

of the United States Bankruptcy Code.  *See* Bankr. Case No. 09-34394.  Shortly thereafter, an

Official Committee of Unsecured Creditors for National Pool Construction Inc. (the "Creditor's

Committee") was formed.

On February 8, 2010, an adversary complaint docketed as Adv. Proc. No. 10-1151 was

filed by the Creditor's Committee against Provident.  In the action, the Committee challenged the

validity, priority and extent of Provident's liens on certain of the Debtor's property.  The

Committee sought to have Provident's security interests avoided on the grounds that such

interests were not properly perfected.

---

[1] "R.__" refers to the item number in Appellant's Designation of Items to be Included in the Record on Appeal.

On April 2010, the Debtor filed a motion to sell substantially all of its assets free of liens, claims and encumbrances to a new company, National Pools and Spas, Inc., whose shareholders were the same as those of the Debtor.  Provident consented to the sale subject to a number of conditions that included the condition that the sale must resolve the issues raised by the Creditor's Committee in Adv. Proc. 10-1151.  The Committee objected to the sale, and the motion was eventually denied.

Ultimately, Adversary Proceeding 10-1151 was resolved by Stipulation and Consent Order entered July 13, 2011.  Pursuant to the terms of the settlement, the parties agreed that the following terms would be incorporated into a Chapter 11 Plan:

(a) The Plan shall provide for the sale of all of the Debtor's assets to the Buyers in exchange for $150,000.00 (the "Sale Price") and the assumption by the Buyers of all indebtedness due to Provident without any alteration of the existing loan documents between the parties and without effect as to the guarantors liability or as to any collateral given in support of the guarantees, and all the Debtor's postpetition liabilities and administrative expense claims (with the exception of administrative expense claims for professional fees);

(b) The Buyers shall stipulate and the Plan shall provide, that as of the Effective Date of the Plan, Provident has valid, perfected security interests on all of the assets purchased from the Debtor without any further filings by Provident;

(c) As a condition precedent to the Effective Date of the Plan (as shall be defined in the Plan), $90,000 of the Sale Price shall be due and payable as follows: (i) the Buyers shall pay $75,000 from non-Debtor funds and (ii) the Debtor shall pay $15,000 from available funds (the "Carve-out"). The balance of the Sale Price in the amount of $60,000 shall be paid in equal monthly installments by the Buyers over a one year period commencing thirty days after the Effective Date of the Plan. Such payments shall have no effect on the underlying obligation by the Buyers and the Guarantors to Provident;

(d) In exchange for Provident's consent to the Carve-out, the Debtor and the Committee shall grant an immediate release of any and all claims to avoid all post-petition transfers to Provident made prior to the date of this Order which release shall, in addition, be binding on any Trustee or similar fiduciary of any nature herein, and shall further consider any and all future post-petition transfers in the amount of $60,000 or less automatically be deemed to have been made in the ordinary course of business insofar as the balance in the Debtor's Provident

3

account remains in excess of $100,000;

(e) Upon the Effective Date of the Plan, the Committee shall file a stipulation of dismissal of the adversary proceeding with prejudice; and

(f) The Plan shall be subject to additional terms and conditions as agreed between the parties, concerning the distribution of the Sale Price amongst administrative and priority claims.

Adv. Proc. 10-1151, Docket Entry No. 20 at 2-3.

On or about February 7, 2011, the Debtor and the Committee filed a Disclosure Statement and a jointly proposed Plan of Reorganization in the bankruptcy case. Pursuant to the proposed Plan, as required by the parties' settlement of Adversary Proceeding 10-1151, the Debtor would sell substantially all of its assets to the Shareholders of the Debtor in exchange for the assumption of the outstanding liability to Provident and a payment of $150,000. All remaining assets were to be liquidated by a newly created liquidating trust. On July 25, 2011, the Court entered an Order confirming the Chapter 11 Plan, which became a final order, as defined in the Plan, on August 8, 2011.

The "Effective Date" of the Plan, as defined in the Plan, would not occur unless and until a number of conditions precedent occurred or were waived. R.39 at § 12.1. One of these conditions was the closing of the sale of the Debtor's assets. Pursuant to the Plan, this was to occur within seven business days of the date that the order confirming the Plan became final, that is, August 17, 2011. However, the process took longer, and, as a result, it appears that the Committee requested -- and the Debtor and Provident agreed to -- a waiver of the closing condition. Thereafter, the Effective Date occurred on August 29, 2011. On the Effective Date, the Liquidating Trust was formed pursuant to Section 8.4 of the Plan and the Liquidating Trust Agreement.

4

Upon formation of the Liquidating Trust, the Debtor transferred to the trust all "Excluded Assets," as that term is defined in the Plan, which included all rights and avoidance actions of the Debtor arising under applicable law.  As 11 U.S.C. § 546(a)(1) provides a two-year deadline to bring avoidance actions, and with the two year anniversary of the Petition date – September 16, 2011 – looming, Appellant filed more than forty adversary proceedings and entered into tolling agreement with more than twenty potential defendants.  It appears to be undisputed that the Trust did not seek or enter into a tolling agreement with Provident.

On December 5, 2011, the Trust filed an adversary complaint against Provident pursuant to 11 U.S.C. § § 544(b), 547 and 548 and applicable state statutes seeking to avoid allegedly fraudulent and preferential transfers to Provident by Debtor (the "2011 Adversary Proceeding"). *See* Adv. Proc. 11-2643.  Provident filed a motion to dismiss the adversary complaint, alleging that the action was time barred under § 546(a)(1) as it was filed after the two-year limitations period permitted by that section.  The Trust opposed the motion and also cross-moved to amend its complaint to add the Shareholders and add, among other things, allegations relating to the Trust's equitable defenses to Provident's timeliness challenge.  Under the proposed amended complaint, the Trust, in addition to the relief sought in the original complaint, sought to avoid the alleged transfers as against the newly named Shareholder defendants and sought recovery pursuant to § 550 against both Provident and the Shareholders.

In opposition to Provident's motion to dismiss and in support of its cross-motion, the Trust made two substantive arguments to the Bankruptcy Court.  First, it argued that its complaint was not untimely because § 550(f) allowed it one year after avoidance to recover and, since the Trust had not yet avoided, it could not be out of time.  *See* R. 26 at 17-24.  Second, it

argued for application of the doctrines of equitable tolling and adverse domination.  R. 26 at 24-29.

The Bankruptcy Court held a hearing on the motions on March 12, 2012 and ultimately entered Orders denying the cross-motion to amend and granting Provident's motion to dismiss, which the Court treated as a motion for judgment on the pleadings.  R. 32, 34.  The Court found the Trust's claims to have been filed outside of the two-year statutory deadline and rejected the Trust's argument raised in its opposition and cross-motion that an action under § 550 against Provident was timely.  In so ruling, the Bankruptcy Court noted as follows at the hearing:

> The first argument Provident makes is that this complaint is time barred. It is undisputed that the Chapter 11 case was filed on September 16, 2009.  It is further undisputed that two years after the filing date was September 16, 2011, and that this adversary complaint was not filed until December 5, 2011. These dates are all conceded in the complaint and in the Plaintiff's opposition.

> Given these undisputed material facts, Section 546(a)(1) on its face precludes the Plaintiff from bringing this action as a matter of law. The Liquidating Trustee cannot take advantage of the additional one year time period provided by 546(a)(1)(B) because a trustee created by a Chapter 11 plan is not a trustee appointed under 702, 1104, 1163, 1202 or 1302 of the Bankruptcy Code.  Other courts who have considered this issue have found that 546(a)(1)(B), and I'm quoting here, "Does not apply to debtor-elected trustees that are appointed pursuant to a plan of liquidation in Chapter 11 cases."  And that's from *Schare v Slater Entertainment*, 2006 6 W.L. 1799039.

> In the cross-motion, the Liquidating Trustee offers three responses. *First, that the action was timely filed because an action under 548 and 550 are separate actions and that the time period to bring a 550 action has not yet even begun to run. That argument can be dismissed out of hand. The insurmountable, logical flaw in that argument is that an action under 550 cannot arise unless there has been a successful avoidance under 548. Therefore, if a 548 action is time barred a 550 action will never arise.*

R.35 at 10-11 (emphasis supplied).  The Bankruptcy Court denied Appellant's motion to amend its complaint, finding the proposed amended complaint to be an attempted "end-run around the statute of limitations."  R.35 at 16.

The Trust appealed the Bankruptcy Court's ruling to the District Court and the action was docketed as Civil Action No. 12-2157 (AET). The District Court vacated and remanded the matter to the Bankruptcy Court, noting that it had appeared that the Bankruptcy Court had incorrectly considered matters outside of the pleadings in deciding Provident's motion. On remand, the Bankruptcy Court reaffirmed its rejection of the Trust's arguments that § 550 was an independent cause of action through which Appellant could seek recovery from Provident even though the § 548 action was time barred. On the issues of equitable tolling and adverse dominion, the parties were permitted additional discovery, and further motion practice in the Bankruptcy Court on these issues remains pending.

A mere three days after the Bankruptcy Court's ruling granting Provident's motion to dismiss and denying Appellant's cross-motion to amend its complaint the 2011 Adversary Proceeding, on March 15, 2012, the Trust filed an adversary complaint against Provident that is the subject of the instant appeal (the "2012 Adversary Proceeding"). *See* Adv. Pro. 12-1232. In this second adversary proceeding, the Trust brought various claims against the Shareholders and other defendants, and, as relevant here, included claims against Provident and the Shareholders for recovery under § 550. Provident filed a motion to dismiss the claims against it, arguing that the Court had already ruled on the question of whether the Trust could seek recovery against Provident through § 550. Provident also moved for sanctions. A hearing on Provident's motions was held by the Bankruptcy Court on May 29, 2012. The Bankruptcy Court found that

> whether based on principles of *res judicata*, collateral estoppel or even judicial estoppel, the reality is that the core issues regarding Provident were fully decided in the Court's March 12 ruling. By including Provident in this newly filed adversary proceeding the liquidating trust was improperly attempting to sidestep that ruling.

R.15 at 10-11.  The court further noted that it had previously found that "the avoidance action against Provident based on [§] 548 was time barred" and, further, that it had previously addressed "the Section 550 argument that the trust is now making."  *Id.* at 12.  Finding that attempts by the Trust to distinguish the current complaint from the previous one, at least as far as it applied to Provident, were "mere semantics," the court granted Provident's motion to dismiss and also imposed sanctions on the Trust.  On June 8, 2012, the Bankruptcy Court entered an Order dismissing the claims against Provident in Adversary Proceeding 12-1232.  The Trust timely filed the instant appeal from the order granting Provident's motion to dismiss.[2]

## II.  ANALYSIS

This Court has jurisdiction to hear appeals from final orders of the bankruptcy court.  28 U.S.C. § 158(a).  On appeal, the Court reviews "the bankruptcy court's legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for abuse thereof."  *In re United Healthcare System, Inc.*, 396 F.3d 247, 249 (3d Cir. 2005) (quoting *In re Trans World Airlines, Inc.*, 145 F.3d 124, 130–31 (3d Cir. 1998)).

In contending that the Bankruptcy Court's ruling dismissing its claim against Provident was in error, Appellant makes two main arguments.  First, Appellant asserts that the Bankruptcy Court erred "as a matter of law in dismissing the action under [§ 550) to recover the value of avoided transfers from Appellee because under the plain meaning of [§ 550] the action was timely filed."  App. Br. at 23.  Second, Appellant argues that the Bankruptcy Court erred in finding that Appellant's claim against Provident was barred by the doctrine of *res judicata*.

Appellant's first argument, to which the majority of its brief is dedicated, simply misses the mark.  The basis for the Bankruptcy Court's dismissal of Provident from the 2012 Adversary Proceeding was the Bankruptcy's Court's finding that the newly filed complaint raised claims

---

[2] The Trust has not appealed from the Order imposing sanctions.

that the court had already ruled on in the 2011 Adversary Proceeding.  R.15 at 10-11.  To the extent that the Bankruptcy Court discussed the timeliness issue in the decision that is the subject of the instant appeal, the court did so only in the context of elucidating its earlier ruling.  *Id.* at 11 ("If the trust somehow misunderstood the Court's prior ruling ... then let's spell things out even further.").  Consequently, Appellant's avenue to challenge the Bankruptcy Court's conclusion that the Trust's claims against Provident were time barred would have been by way of appeal from the 2011 Adversary Proceeding, not in this appeal.

The issue that is before this Court is whether the Bankruptcy Court erred in holding that Appellant's claims against Provident in the 2012 Adversary Proceeding were precluded based upon the Bankruptcy Court's ruling in the 2011 Adversary Proceeding.  As to this conclusion of the Bankruptcy Court, this Court finds no error.

The doctrine of *res judicata* prohibits relitigation of claims that have been, or could have been, decided on the merits.  *Mullarkey v. Tamboer*, 536 F.3d 215, 225 (3d Cir. 2008). Application of the doctrine is appropriate where there is "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action."  *Duhaney v. Att'y Gen.*, 621 F.3d 340, 347 (3d Cir. 2010).  All of these elements are satisfied here.

The Bankruptcy Court dismissed the 2011 Adversary Proceeding based on its finding that the action against Provident was untimely under 11 U.S.C. § 546(a).  The court expressly rejected Appellant's arguments that its claim against Provident was timely under § 550 and, further, rejected Appellant's motion to amend the complaint to bring claims against Provident identical to those later brought in the 2012 Adversary Action.  Implicit in the Bankruptcy Court's decision to deny the amendment was that the amendment would have been futile.

"A dismissal on statute of limitations grounds is a dismissal on the merits for *res judicat*a purposes." *Taggart v. Chase Bank USA, N.A.*, 375 Fed. Appx. 266, 268 (3d Cir. 2010) (citing *Elkadrawy v. Vanguard Group, Inc.*, 584 F.3d 169, 173 (3d Cir. 2009)).  Additionally, for the purposes of *res judicata*, "denial of a motion to amend a complaint in one action is a final judgment on the merits barring the same complaint in a later action." *McKenna v. City of Philadelphia*, 304 Fed. Appx. 89 (3d Cir. 2008) (citing *Prof. Mgmt. Assoc. Inc. v. KPMG LLP*, 345 F.3d 1030, 1031 (8th Cir. 2003)).  As such, the Bankruptcy Court's decisions the motions in the 2011 Adversary were "on the merits" and fulfill the first prong of the relevant analysis.

There can be no dispute that the second and third prongs of the analysis are clearly fulfilled as well.  The claims brought against Provident in the complaint underlying this appeal are identical to those brought or sought to be brought against Provident in the earlier 2011 Adversary Proceeding.  In the 2012 action, the Trust (*i.e.*, the same plaintiff) alleged the same causes of action against Provident (*i.e.*, the same defendant) regarding allegations of improper repayment of the same loans by the same principals of the same Debtor.  Consequently, the Court finds the Bankruptcy Court did not err in finding that Appellant's claims were precluded and dismissing the claims against Provident in the 2012 Adversary Proceeding.

III.  CONCLUSION

For the reasons above, the decision of the Bankruptcy Court is affirmed.  An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
Joel A. Pisano, U.S.D.J.


Dated:  March 25, 2013